IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

**Margaret Botkins
Clerk of Court**

10:51 am, 8/16/21

| | |
|---|---|
| LEISL M. CARPENTER,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, et al.,<br><br>Defendants. | Case No.  21-CV-0103-F |

## ORDER GRANTING DEFENDANTS' MOTION TO STAY

This matter comes before the Court on Defendants' motion to stay proceedings pending resolution of related class action. CM/ECF Document (Doc.) 27. Defendants identify a related class action, *Miller v. Vilsack*, 4:21-cv-595 pending in the Northern District of Texas, wherein the judge ordered class certification under Federal Rule of Civil Procedure 23 and enjoined Defendants from administering a recently enacted loan-forgiveness program under Section 1005 of the American Rescue Plan Act of 2021 (ARPA) for socially disadvantaged farmers. Doc. 28-1. Defendants argue Plaintiff is a member of the classes certified by *Miller* and Defendants will be bound by any relief granted to the classes with respect to Plaintiff should the equal protection claim prevail. Because of this, Defendants request a stay of this case as continued adjudication of the case would be unnecessarily duplicative (thus waste resources) and risk inconsistent results. Defendants

also argue a stay would not prejudice Plaintiff who is a class member and currently protected by the preliminary injunction entered in *Miller* as well as the nationwide injunctions entered by other courts.

Plaintiff opposes a stay arguing Defendants have failed to satisfy the standard for granting a stay and Plaintiff would be prejudiced because Plaintiff has no control over *Miller*'s pace or the legal theories advanced. For the reasons that follow, the Court is persuaded that Defendants satisfy the grounds for a stay of this case and any potential for prejudice can be mitigated by the Court.

## Background

Plaintiff is a Wyoming rancher and young mother of Danish, Norwegian and Swedish ancestry. Doc. 1, p. 2. In 2012, she took out a real estate loan from the U.S. Department of Agriculture's Farm Service Agency which is covered under the terms of ARPA. *Id*. at p. 4. She alleges she would be eligible for the loan forgiveness program in Section 1005 of ARPA, and future FSA loans, except for the fact that she is not a member of any of the racial groups that are eligible for loan forgiveness. *Id*. She alleges Section 1005 of ARPA imposes racial classifications in violation of the Equal Protection clause of the Fifth Amendment of the U.S. Constitution. *Id*. at pp. 11-12. She also alleges Defendants are exceeding their authority in administering Section 1005, by illegally permitting persons who receive loan forgiveness under ARPA to be eligible for future FSA loans. *Id*. at pp. 12-13. Plaintiff seeks declaratory and injunctive relief.

Applicable Legal Standard

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation"). Thus, it is a "well established policy that a court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending . . . and it would be duplicative, uneconomical, and vexatious to proceed." *Blinder, Robinson & Co. v. SEC*, 692 F.2d 102, 106 (10th Cir. 1982).

However, courts are cautioned that the power to stay must not to be exercised lightly, considering a party's "right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In exercising such discretion, courts weigh various factors, including (1) the interests of judicial economy, (2) hardship or inequity if the movant is required to go forward, (3) harm to the non-movant in the issuance of a stay, (4) and the public interests at stake. *See United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis, et al. v. North American Co.*, 299 U.S. 248, 254, 57 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants").[1] In short, the decision on whether to grant a stay is largely committed to the "carefully considered judgment" of the district court. *Colo. River Water Conservation Dist.*, 424 U.S. at 818.

## Discussion

*Interests of Judicial Economy*

Defendants argue a stay promotes judicial economy by avoiding simultaneous, duplicative litigation of Plaintiff's claim in multiple courts and the risk of conflicting results. Defendants also argue courts regularly stay cases pending resolution of related class actions. *See, e.g., Yazzie v. Ray Vickers' Special Cars, Inc.*, 180 F.R.D. 411, 414 (D.N.M. 1998) (class actions seek "to facilitate judicial economy by avoidance of multiple suits on the same subject matter" and "to deter inconsistent results"); *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (upheld stay as "within the district court's discretion to find that the public interest, the court's interest in efficient procedures, and the 'interest of justice'" should allow the government "a reasonable opportunity to resolve its obligations in the national class action").

Defendants also argue *Miller* was the first-filed case and under the first-filed rule, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches

---

[1] Plaintiff relies on *United Steelworkers* in arguing for a different set of factors applicable to motions for stay, which includes the requirement to demonstrate movant's likelihood of prevailing in the related proceeding. For the reasons argued by Defendants, the Court agrees that the factors argued by Plaintiff (taken from *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977)), relate to a motion to stay enforcement of a judgment, not a motion to stay consideration of a claim. For this reason, the Court will not consider Plaintiff's argument that Defendants have failed to establish that they have a likelihood of succeeding on the merits in *Miller*.

has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citation omitted). Under the "first-filed-rule," Defendants argue the parties and issues are identical given that Plaintiff is a class member in the *Miller* case which certified classes for purposes of resolution of the principle issue brought in this case. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (factors for consideration are "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." (citation omitted)).

Plaintiff argues judicial economy is not a relevant factor and, if it were relevant, Defendants fail to satisfy their burden. Plaintiff argues *Miller* does not involve the same parties, will not adequately consider all Plaintiff's interests and is not truly duplicative. As to the argument on the "first-filed-rule," Plaintiff argues the amended complaint in *Miller* which added plaintiffs who held farm loans was filed a week after Plaintiff filed her complaint, thus her complaint in this case is the first filed.

As to this factor, the Court concludes the interests of judicial economy strongly favor a stay. Defendants are correct that *Miller* involves the same parties given that Plaintiff is a member of the classes certified by the *Miller* court under Fed. R. Civ. P. 23(b)(2) upon a finding that the four threshold requirements for class certification are met and "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011); Doc. 28-1. Plaintiff does not dispute that she is a class member and would receive relief in *Miller* but argues she may opt-out of the classes. This scenario is speculative especially considering that Rule 23(b)(2) classes are "mandatory classes" with no opt-out opportunity. *Walmart*, 564

5

U.S. at 362. Should Plaintiff seek and be permitted to opt-out, though, Plaintiff may advise the Court and seek to lift the stay.

Plaintiff also argues her interests in the pace of the litigation and the right to advance her own legal theories through her own counsel are not adequately protected by a stay. These interests are present in every situation wherein courts stay individual actions which overlap with claims pursued by a certified class of which the individual is a member. *See, e.g., Richard K. v. United BeHavioral Health*, 2019 WL 3083019, at *7 (S.D.N.Y.). Further, Plaintiff's argument that her interests are only adequately served by her own attorneys flies against the *Miller* court's finding that counsel in the *Miller* case "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief." Doc. 28-1, p. 12.

Further, Plaintiff argues the issues are not identical as she has a second claim, not pled in *Miller*, that Defendants are illegally permitting persons who receive loan forgiveness under ARPA to be eligible for future FSA loans. While this is correct, Defendants are also correct that Plaintiff's interests in her second claim are adequately protected by the *Miller* court's preliminary injunction because no person will receive loan forgiveness under ARPA for purposes of gaining eligibility for future FSA loans.

Finally, the chronology of events supports a stay. Jurisdiction vested with the *Miller* court prior to the commencement of this action,[2] and the *Miller* court has already taken

---

[2] While Plaintiff argues the Court should consider only the date of the amended complaint in *Miller* for determining which case was filed first, this argument is unpersuasive. There is no dispute that jurisdiction vested first with the *Miller* court.

6

significant action through its preliminary injunction and certification of classes. In comparison, this action has not proceeded beyond the filing of Plaintiff's complaint and Defendant's motion for stay.

For all the foregoing reasons, the Court finds the interests of judicial economy weigh strongly in favor of a stay.

*Hardship or Inequity if the Movant is Required to go Forward*

Defendants argue, in the absence of a stay, they would be required to defend against identical, significant claims in multiple courts at the same time, including in eleven other cases around the country. Plaintiff argues the motion should be denied for failure to show "irreparable harm."

In considering the relevant factor, the Court is satisfied that Defendants need not show irreparable harm, but rather Defendants are called upon "to make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [Defendant] prays will work damage to some one else." *Landis*, 299 US at 256. Plaintiff argues the concerns of defending against duplicative claims in separate courts does not satisfy the relevant factor.

As to this factor, the Court finds Defendants have made a case of hardship and inequity if required to defend against twelve cases simultaneously on varying schedules and in different jurisdictions. There is no dispute that this is a burden on the government and, consequently on the taxpaying public. Whether this is "a clear case" is subject to reasonable debate. However, this factor must be considered in light of the importance of the issues at stake, and also judged (or balanced) against the possibility of damage or harm

to Plaintiff. There is no dispute that the issues at stake in the litigation pending in the various districts are quite significant. Plaintiffs in all cases are seeking a constitutional ruling which, if successful, would invalidate federal legislation. The significance of the issues is supportive of Defendants' argument that they have made a clear case of hardship or inequity. Further, given the Court's finding that a stay is not likely to harm Plaintiff, the Court finds, on balance, this factor weighs somewhat in favor of a stay.

*Harm to the Non-Movant in the Issuance of a Stay*

Defendants argue Plaintiff is a member of classes certified by the *Miller* court specific to Plaintiff's claim against the continued enforcement of the racial exclusions in Section 1005 of ARPA and, in the meantime, Plaintiff will benefit by the preliminary injunction entered by courts preserving the status quo which prohibits enforcement of the racial exclusions. Defendants also point out that both cases are at early stages, thus a stay in this case would not disrupt or delay litigation, but rather would promote efficient resolution.

Plaintiff argues a stay would cause substantial harm because Plaintiff has no say as to the pace at which *Miller* would proceed in the district court or perhaps on appeal. Plaintiff also argues she will be required to watch counsel other than her own making strategic decisions and legal arguments that she has no say in. Finally, Plaintiff identifies her second claim of illegal action as a claim not subject to adjudication in *Miller*, and that this claim warrants timely adjudication.

Plaintiff's arguments that she will be harmed by a stay have been adequately discussed in the context of the factor relating to judicial economy. Further, the likelihood

of harm can be mitigated by the Court. Should progress in the *Miller* case flounder, or in the unlikely event that the injunction is lifted, or the class is decertified, or the *Miller* court allows Plaintiff to opt out of the Rule 23(b)(2) classes, Plaintiff can certainly seek an order lifting the stay. In short, the Court finds that its authority to control the duration of the stay adequately mitigates any fair possibility that the stay will work damage against Plaintiff. Consequently, this factor weighs in favor of a stay.

*The Public Interests at Stake*

Defendants argue the public interests are served by a stay given the importance of the issues at stake and the public's interest in just and efficient resolution of cases – especially those like this one – of "extraordinary public moment." *Clinton*, 520 U.S. at 707 (citation omitted).

Plaintiff argues the public in general has a strong interest regarding the prompt and efficient handling of all litigation, specifically including this litigation, and that Defendants fail to satisfy their burden on this factor.

The public interests at stake include not just the prompt and efficient handling of this case. Rather, those interests include the importance of the issues at stake as previously discussed, and the prompt and efficient resolution of those issues from the overall perspective of the litigation pending in all twelve district courts. The taxpayer interests are not served by requiring the government to defend multiple suits on the same subject matter in all twelve courts. The interests of farmers and ranchers who are disqualified from seeking loan-forgiveness under Section 1005 of ARPA (including Plaintiff) are not served by the potential for inconsistent results announced at varying times, should all cases

proceed separately.  And those interests which prompted Congress to enact Section 1005 of ARPA are similarly not served by a potential for inconsistent results.  Considering the public interests at stake in a case such as this, which exceed in scope Plaintiff's interest in "the usual rule that litigation is conducted by and on behalf of the individual named part[y] only," *Wal-Mart Stores, Inc*., 564 U.S. 348, the Court finds this factor weighs strongly in favor of a stay.

## Conclusion

For all the foregoing reasons, the Court finds and concludes Defendants have met their burden to warrant a stay of this case.  Therefore, the Court GRANTS Defendant's Motion to Stay Proceedings Pending Resolution of Related Cass Action (Doc. 27).  On good cause, Plaintiff may, at any time, seek to lift the stay.  Further, Defendants shall file and serve a status report every six (6) months reporting on the *Miller* case progress, and shall also PROMPTLY report any action:

1. By the *Miller* court to decertify any class or otherwise proceed such that plaintiffs in the *Miller* case no longer represent themselves and "all farmers and ranchers in the United States who are currently excluded from the definition of 'socially disadvantaged farmer or rancher,' as defined in 7 U.S.C. § 2279(a)(5) – (6) and as interpreted by the Department of Agriculture." Doc. 28-1, p. 23, fn. 3.

2. By any court which affects the nationwide preliminary injunction which enjoins Defendants or any person acting in concert or participation with them, from discriminating on account of race or ethnicity in administering Section 1005 of ARPA for any applicant who is a member of the certified classes.

IT IS SO ORDERED.

Dated this  16th  day of August, 2021.

*[signature: Nancy D Freudenthal]*

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE