NICHOLAS VASSALLO
Acting United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Nick.vassallo@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| **LEISL M. CARPENTER**, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 21-cv-103-F |
|  | ) |
| **THOMAS J. VILSACK**, in his official | ) |
| capacity as Secretary of Agriculture, et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO LIFT STAY AND
## TO DISMISS AS MOOT

In early 2021, Congress enacted Section 1005 of the American Rescue Plan Act to redress the

lingering effects of past racial discrimination in the Department of Agriculture's farm loan programs.

Plaintiff Leisl Carpenter challenged the Department's implementation of the law, as did several other

plaintiffs in jurisdictions around the country. Several other courts preliminarily enjoined Defendants from disbursing § 1005 funds. Because Congress has now repealed § 1005, Plaintiff's challenge to its implementation is moot. The Court should lift the stay of proceedings and dismiss the complaint.

## BACKGROUND

### I.    Section 1005 of the American Rescue Plan Act

The American Rescue Plan Act (ARPA) provided widespread pandemic relief to the American people. *See* Pub. L. No. 117-2, 135 Stat. 4 (2021). Section 1005 of ARPA appropriated funds to pay up to 120 percent of certain direct or guaranteed USDA farm loans held by a "socially disadvantaged farmer or rancher" (SDFR) and outstanding as of January 1, 2021. *See* ARPA § 1005.

### II.    Plaintiff's Lawsuit and Related Section 1005 Challenges

Plaintiff holds USDA farm loans that she alleges would have been eligible for debt relief under § 1005 but for the fact that she does not fall within one of the racial or ethnic groups considered "socially disadvantaged." *See* Compl. ¶ 13, ECF No. 1. She brings a claim under the Constitution, alleging that § 1005 violates the equal protection component of the Fifth Amendment's Due Process Clause, *id.* ¶¶ 52-62.[1] As relief, she seeks a declaratory judgment, an injunction, costs and fees, and nominal damages. *Id.* Prayer for Relief.

This case is one of twelve similar equal protection challenges to § 1005 filed in jurisdictions around the country. *See Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.); *Wynn v. Vilsack*, 3:21-cv-514 (M.D. Fla.); *Kent v. Vilsack*, 21-cv-540 (S.D. Ill.); *Faust v. Vilsack*, 1:21-cv-548 (E.D. Wis.); *Holman v. Vilsack*,

---

[1] Plaintiff also brings a claim for "illegally allowing future eligibility," Compl. p.12, Second Claim for Relief (capitalizations omitted), alleging that if USDA were to allow a recipient of a § 1005 payment to later receive forgiveness of a subsequent USDA loan, the Department "w[ould] be acting unlawfully," and without statutory authority, *id.* ¶¶ 63-69. This claim is wholly derivative of her challenge to § 1005, as the future, hypothetical unlawful action challenged depends on disbursement of § 1005 payments to individuals who later obtain another USDA loan (and then have that loan forgiven). As the § 1005 claim is moot, so, too, is this claim. And this second claim would fail for independent jurisdictional reasons, including for lack of standing and ripeness. *See* Order, ECF No. 72, *Holman*, 1:21-cv-1085 (dismissing materially identical claims for lack of subject matter jurisdiction).

1:21-cv-1085 (W.D. Tenn.); *McKinney v. Vilsack*, 2:21-cv-212 (E.D. Tex.); *Joyner v. Vilsack*, 1:21-cv-1089 (W.D. Tenn.); *Dunlap v. Vilsack*, 2:21-cv-942 (D. Or.); *Rogers v. Vilsack*, 1:21-cv-1779 (D. Colo.); *Tiegs v. Vilsack*, 3:21-cv-147 (D.N.D.); *Nuest v. Vilsack*, 21-cv-1572 (D. Minn.). In three of the cases, courts entered preliminary injunctions prohibiting USDA from disbursing any § 1005 funds. PI Order, *Wynn*, ECF No. 41; Order on PI & Class Cert., *Miller*, ECF No. 60; PI Order, *Holman*, ECF No. 41.[2]

The *Miller* Court certified two classes under Federal Rule of Civil Procedure 23(b)(2). *See Miller* Order on PI & Class Cert., *filed at* ECF No. 28-1. The classes both challenged § 1005 on equal protection grounds and sought an injunction preventing the government from implementing racial exclusions or preferences when administering § 1005. *See generally id.* Because the *Miller* classes included Ms. Carpenter and advanced the same central claim, the government moved to stay these proceedings until the *Miller* proceedings were resolved. Defs.' Mot. to Stay, ECF No. 27. The Court granted the motion and stayed proceedings pending resolution of the class action in *Miller*. *See* Order, ECF No. 33.

### III.     The Inflation Reduction Act

While the *Miller* litigation continued, Congress passed, and last month the President signed, the Inflation Reduction Act of 2022 (IRA). *See* https://www.congress.gov/117/bills/hr5376/BILLS-117hr5376enr.pdf. In Section 22008 of the IRA, Congress expressly repealed Section 1005 of ARPA. *See* IRA § 22008 ("Section 1005 of the American Rescue Plan Act of 2021 (7 U.S.C. 1921 note; Public Law 117-2) is repealed."). Because of the repeal of Section 1005, the parties in *Miller* "agree[d] the constitutional challenge to Section 1005 is moot" and jointly stipulated to dismissal of the action. *See Miller* Joint Stipulation of Dismissal, *filed at* ECF No. 89-1. The *Miller* Court subsequently terminated the case. *See* August 30, 2022 docket entry. Plaintiffs in several other cases have subsequently

---

[2] The *Faust* court had entered a temporary restraining order (TRO) that prohibited disbursement of § 1005 funds but dissolved that TRO after the *Wynn* Court issued a preliminary injunction. Order, *Faust*, ECF No. 49.

voluntarily dismissed or agreed to stipulations of dismissal. *See* ECF No. 90, *Wynn*, 3:21-cv-514 (stipulation of dismissal); ECF No. 74, *Kent*, 21-cv-540 (stipulation of dismissal); ECF No. 72, *Faust*, 1:21-cv-548 (stipulation of dismissal); ECF No. 31, *Nuest*, 0:21-cv-1572 (stipulation of dismissal); ECF No. 48, *Dunlap*, 2:21-cv-942 (voluntary dismissal); ECF No. 25, *Tiegs*, 3:21-cv-147 (voluntary dismissal).

## ARGUMENT

The Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. Art. III, § 2. For a Court to adjudicate a case, an "'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)). "[I]f in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (same). And when a case becomes moot because a court cannot grant effectual relief, there is "no longer a 'Case' or 'Controversy' for purposes of Article III" and the case must be dismissed. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

In this suit, Plaintiff alleges that ARPA § 1005 is unconstitutional and seeks relief from the statute's terms. *See* Compl. ¶¶ A, F, Prayer for Relief. But Congress has now repealed § 1005, *see* IRA § 22008, and there is accordingly no further relief that this Court can enter. In these circumstances, Plaintiff's claims are moot and the Court now lacks jurisdiction to adjudicate them.

## I.      The repeal of Section 1005 moots any challenge to that law.

As the Supreme Court and Tenth Circuit have repeatedly held, the repeal of a law, like the IRA's repeal of ARPA § 1005, renders a lawsuit challenging that law moot. *See, e.g., Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 474 (1990); *Kremens v. Bartley,* 431 U.S. 119, 128 (1977); *Diffenderfer v. Cent. Baptist Church,* 404 U.S. 412, 415 (1972); *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1223 (10th Cir. 2001)

("Because 'parties have no legally cognizable interest in the constitutional validity of an obsolete statute,' [ ] a statutory amendment moots a case 'to the extent that it removes challenged features of the prior law[.]'" (citations omitted)); *Am. Charities for Reasonable Fundraising Regul., Inc. v. O'Bannon*, 909 F.3d 329, 331 (10th Cir. 2018); *Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009). As the Tenth Circuit has explained, "[a]ny decision" by courts "as to the constitutional validity of" a prior version of an amended or repealed "statute would constitute a 'textbook example of advising what the law would be upon a hypothetical state of facts' rather than upon an actual case or controversy as required by Article III of the Constitution." *Camfield*, 248 F.3d at 1223 (quoting *Nat'l Adver. Co. v. City & County of Denver,* 912 F.2d 405, 412 (10th Cir. 1990)).

A plaintiff may establish an exception to mootness after the "legislature repeals or amends a statute after it is judicially challenged" only by pointing to "evidence in the record to indicate that the legislature intends to reenact the prior version of the disputed statute." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1117 (10th Cir. 2010) (citing *Camfield*, 248 F.3d at 1223). "[T]he possibility of recurrence of the challenged conduct" must be more than a "speculative contingency." *Rio Grande*, 601 F.3d at 1117 (quoting *Burbank v. Twomey,* 520 F.2d 744, 748 (7th Cir. 1975)).

Here, Congress has repealed § 1005, *see* IRA § 22008, and there is no indication that Congress would reenact that statute if this case is dismissed. It would take another Act of Congress to restore the provisions of § 1005 that Plaintiff complains of, and the possibility of that "speculative contingency" is insufficient to avoid a finding of mootness. *Rio Grande*, 601 F.3d at 1117. Plaintiff therefore cannot meet her burden to show her claims are not moot.

## II.    Plaintiff's claim for nominal damages does not prevent mootness.

Plaintiff cannot escape mootness merely by seeking nominal damages in addition to injunctive and declaratory relief. *See* Compl., Prayer for Relief. Although a claim for nominal damages may

sometimes keep an otherwise moot suit alive, *see Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021), it cannot and does not do so in this case, for two independent reasons.

First, because there is no applicable waiver of sovereign immunity in this case, the Court lacks jurisdiction to award nominal damages. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). That is true even though Plaintiff has named federal officials in their official capacity as defendants. *See Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity, however, does bar suits for money damages against officials in their *official* capacity absent a specific waiver by the government."). Plaintiff fails to plead any valid waiver of sovereign immunity as to her damages claim, and Defendants are not aware of one that would apply. *See* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1212 (4th ed.) ("[T]he jurisdictional allegations in an original action or a counterclaim against the United States must include a reference to the statute containing an express or implied waiver of the government's immunity from suit." (footnotes omitted)); *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("Because general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction.").

District courts therefore lack jurisdiction over claims, such as this one, seeking nominal damages from the United States or its officers sued in their official capacity. *See, e.g., ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 n.7 (1st Cir. 2013) ("[A] claim for nominal damages is foreclosed by HHS's sovereign immunity."); *Shahi v. U.S. Dep't of State*, 33 F.4th 927, 929–30 (7th Cir. 2022) ("Plaintiffs' request for nominal damages fails for the same reason" as their request for other money damages—"the problem is sovereign immunity."). "Nominal damages are money damages, and if other kinds of money damages are unavailable due to sovereign immunity, then so are nominal

damages." *Shahi v. United States Dep't of State*, 572 F. Supp. 3d 470, 481 (N.D. Ill. 2021), *aff'd*, 33 F.4th 927; *W. States Ctr., Inc. v. United States Dep't of Homeland Sec.*, No. 3:20-CV-01175-JR, 2021 WL 1896965, at *1 (D. Or. May 11, 2021) ("[Nominal damages] are not available because of sovereign immunity."); *Leonard v. U.S. Dep't of Def.*, 38 F. Supp. 3d 99, 105 (D.D.C. 2014), *aff'd*, 598 F. App'x 9 (D.C. Cir. 2015) ("[Plaintiffs] may not seek [nominal] damages because the United States has not waived sovereign immunity for monetary relief for unconstitutional acts taken by government employees acting in their official capacities."). Because this Court does not have jurisdiction to award nominal damages, Plaintiff's demand for nominal damages cannot save her claim from mootness.

Second, and wholly apart from the issue of sovereign immunity, Plaintiff cannot claim nominal damages in this case because she was never injured by the implementation of Section 1005. Because of the preliminary orders of several courts, USDA never fully implemented that statute. The Supreme Court in *Uzuegbunam* held only that nominal damages "provide the necessary redress for a *completed* violation of a legal right." 141 S. Ct. at 802 (emphasis added); *see also id.* at 802 n.* (emphasizing that nominal damages "are unavailable where a plaintiff has failed to establish a past, completed injury"). As to *prospective* violations of legal rights, the ordinary rule holds: a claim for nominal damages for unrealized conduct does not defeat mootness. *See Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1526 (10th Cir. 1992) (finding that a "nominal damages claim which relates to *past* (not future) conduct" could survive a finding of mootness); *see also Uzuegbunam*, 141 S. Ct. at 796 (holding that nominal damages can "redress a *past* injury" (emphasis added)); *id.* at 798 (distinguishing nominal damages claims related to past injury from nominal damages claims that provide prospective relief).

Here, Plaintiff's claim for nominal damages is unrelated to any past, completed injury. Because implementation of § 1005 was enjoined, Plaintiff never actually experienced such an injury. Plaintiff was never denied any payment under § 1005 because of her race or ethnicity and did not incur any injury for which nominal damages could theoretically be claimed. Because her claim for nominal

damages is unrelated to a "past injury" or a "completed injury," *Uzuegbunam*, 141 S. Ct. at 798, 802, it cannot prevent mootness.

### III.   Plaintiff's claim for costs and fees likewise does not prevent mootness.

It is well established that claims for costs and fees are ancillary to the litigation and do not preserve a case that is otherwise moot. *In re W. Pac. Airlines, Inc.*, 181 F.3d 1191, 1196 (10th Cir. 1999) ("Precedent clearly indicates that 'an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim.'" (quoting *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 n.4 (10th Cir. 1994), *superseded on other grounds as recognized in Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir. 2001))). A "fee award is wholly unrelated to the subject matter of the litigation[] and bears no relation to the statute whose constitutionality is at issue here." *Diamond v. Charles*, 476 U.S. 54, 70 (1986). Thus, a claim for fees is not an "injury with a nexus to the substantive character of the statute or regulation at issue" that "Art. III standing requires." *Id.* Any claim to fees does not prevent mootness.

## CONCLUSION

Congress has repealed the law that Plaintiff challenges. Under straightforward principles of mootness, Plaintiff's claims are moot and this Court lacks jurisdiction to adjudicate them. Accordingly, the Court should lift the stay and dismiss this action.

Dated: September 13, 2022

Respectfully submitted,

NICHOLAS VASSALLO
Acting United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*