

**FILED**

3:25 pm, 10/7/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| LEISL M. CARPENTER,<br><br>          Plaintiff,<br><br>vs.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, et al.,<br><br>          Defendants. | Case No.  21-CV-0103-F |

### ORDER GRANTING DEFENDANTS' MOTION TO
### LIFT STAY AND DISMISS AS MOOT

This matter comes before the Court on Defendants' *Motion to Lift Stay and Dismiss Case as Moot.* ECF 37.  Defendants argue the case is now moot given the express repeal of Section 1005 of the American Rescue Plan Act (ARPA), which section was challenged by Plaintiff as violative of the equal protection principles of the Fifth Amendment of the U.S. Constitution.  Plaintiff opposes Defendants' motion, arguing Plaintiff's injury continues because others who are similarly situated experienced a windfall based on their race by way of payments made under Section 1005 which should be unwound to restore constitutional balance.  Based on the conclusion that there is no ongoing case or controversy under which Plaintiff can obtain relief on the claims pled, the Court GRANTS Defendants' motion to lift stay and DISMISSES the case.

## Background

The parties are familiar with the facts and procedural history of this case so the Court will not repeat it here in any detail. Suffice to say that Section 1005 provided debt relief to farmers and ranchers based on their race. Even though Plaintiff is a rancher with qualifying debt, her Norwegian and Swedish ancestry disqualified her from Section 1005 relief. Plaintiff filed her complaint seeking declaratory and injunctive relief and "other and further relief as the Court deems appropriate." ECF 1, p. 14. Plaintiff's contention is that Section 1005 – and Defendants' implementation of that section – violates the U.S. Constitution's guarantee of equal protection of the laws.

The Court stayed this case recognizing, among other considerations, that the preliminary injunctions entered by other courts prohibited enforcement of Section 1005's racial exclusions. ECF 33. Now Congress has definitively acted to repeal Section 1005. *See* Inflation Reduction Act of 2022 (IRA) § 22008. However, before the injunctions and the repeal, Defendants tested "the effectiveness of the procedures" to deliver debt relief by mailing five Section 1005 "offer letters" to eligible recipients in New Mexico. ECF 39-1, ¶ 28. New Mexico was selected for the test "based in part on having one of the larger volumes of direct loan borrowers eligible for [debt relief] and a high level of experienced staff." *Id*. Four eligible test recipients responded and received debt relief payments. *Id*. at ¶¶ 28-30.

## Applicable Legal Standard

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek*

*Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863,867 (10th Cir. 1996)). The Tenth Circuit summarized the mootness doctrine as follows:

> In cases involving mootness, "[t]he starting point for [our] analysis is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413, (1971)). The mootness doctrine "derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Id*. The Supreme Court has described it as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363,1384 (1973)). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1223 (10th Cir. 2001)). "Put another way, a case becomes moot 'when a plaintiff no longer suffers "actual injury that can be redressed by a favorable judicial decision." ' " *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quoting *Rhodes v. Judiscak*, 676 F.3d 931, 933(10th Cir. 2012)).

*Ghailani v. Sessions*, 859 F.3d 1295, 1300-1301 (10th Cir. 2017).

## Discussion

There is no question that Section 1005 has been repealed. Consequently, Plaintiff's request to enjoin Defendants from applying, implementing, or enforcing Section 1005 is moot. Simply put, the legislative repeal means that Defendants lack any authority to apply, implement, or enforce Section 1005 and this Court cannot alter this situation.

Further, the repeal also moots Plaintiff's requests for declarations relating to Plaintiff's eligibility for Section 1005 loan forgiveness and the constitutional soundness of further loans to those who receive Section 1005 loan forgiveness. Following the repeal of Section 1005, neither Plaintiff nor anyone else may receive loan forgiveness or further loans under this section. Therefore, this Court lacks any power to alter or affect the rights of Plaintiff or others relating to these questions.

The only remaining issue is Plaintiff's argument that the case is not moot because Defendants' past actions in the New Mexico test continue to injure Plaintiff's equal protection rights. According to Plaintiff, this injury can only be remedied by a declaration that Defendant's actions in testing Section 1005 violated the constitution, and an award of "other relief" to require that Defendants claw back the benefits provided. For the following reasons, Plaintiff's last argument is unpersuasive.

In returning to Tenth Circuit precedent, the analysis is clearer by reviewing mootness in the context of "standing set in a timeframe." *Ghailani*, 859 F.3d at 1300 (quoting *U.S. Parole Comm'n*, 445 U.S. at 397). Plaintiff's personal interest is specifically pled. Plaintiff raises cattle and farms hay in Wyoming. ECF 1, ¶ 20. Plaintiff took out a real estate loan from the Farm Service Agency (FSA), and she would be eligible for the Section 1005 loan forgiveness program, and future FSA loans,[1] except for the fact that she is not a member of any of the racial groups that are eligible for loan forgiveness. *Id*. at ¶¶ 13.

---

[1] The law prohibits her from obtaining further loans from the Department of Agriculture if she received any form of debt forgiveness on her FSA loan, with the only exception being loan forgiveness under Section 1005. ECF 1, ¶ 22.

Given the repeal of Section 1005, Plaintiff's personal interest in Section 1005 benefits (i.e., receiving loan forgiveness and future FSA loans) is now entirely lost to her and everyone else. In other words, while Plaintiffs personal interest in the benefits of Section 1005 existed at the commencement of her case, that interest doesn't continue now. Also, any "claw back" of past benefits to others in New Mexico in no way advances or affects the specific personal interest Plaintiff pled in this case. The actual injury pled was that Plaintiff could not receive loan forgiveness with an opportunity to obtain a future FSA loan, and this injury cannot be redressed by a favorable judicial decision. In short, this is a classic case for the application of the mootness doctrine.

Finally, Plaintiff has no persuasive argument to equalize the playing field by unwinding Defendant's test of Section 1005. Completely apart from any considerations of race, Plaintiff was never within that so-called "playing field" for the simple reason that her property is in Wyoming. Thus, Plaintiff fails to show any actual injury, in 2021 or now, from the actions taken by Defendants that solely affected FSA loan borrowers in New Mexico.

For the forgoing reasons, the Court GRANTS Defendant's motion to lift stay and dismiss the case. The stay entered by order of the Court (ECF 33) is LIFTED. Because the Court lacks jurisdiction, this case is DISMISSED.

Dated this 7th day of October, 2022.

*Nancy D. Freudenthal*

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE